| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-----------------------------------------------------------x<br>EQUAL EMPLOYMENT OPPORTUNITY　　:<br>COMMISSION,　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　Plaintiff,　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　v.　　　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　　:<br>REVOLUTION STUDIOS AND SMILE　　:<br>PRODUCTIONS, LLC,　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　　Defendants.　　　　　　　　　　　:<br>-----------------------------------------------------------x | ECF CASE<br><br>Civil Action No.<br>05 CV 6884<br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to provide appropriate relief due to employees as a result of such unlawful practices. As alleged with greater specificity below, the Commission alleges that Revolution Studios and Smile Productions, LLC paid their female instrumentalists at wage rates which were less than the rates paid to their male instrumentalists even though the instrumentalists performed substantially equal work, because of their sex.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16 (c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. §

206(d), and pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f) (1) and (3) ("Title VII").  This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The alleged unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (hereinafter, the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16 (c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Sections (f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f) (1) and (3).

4. Defendant Revolution Studios, is a privately-held company doing business in the State of New York and New York City and has at all relevant times continuously had at least fifteen employees.

5. At all relevant times, Defendant Smile Productions, LLC is a limited liability company doing business in the State of New York and New York City and has at all relevant times continuously had at least fifteen employees.

6. At all relevant times, Defendant Revolution Studios has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. At all relevant times, Defendant Smile Productions, LLC has continuously been

an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all relevant times, Defendant Revolution Studios has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all relevant times, Defendant Smile Productions, LLC has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all relevant times, Defendant Revolution Studios has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000; engaged in the operation of producing, distributing and marketing of movie films.

11. At all relevant times, Defendant Smile Productions, LLC has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not

less than $500,000; engaged in the operation of producing movie films.

## STATEMENT OF TITLE VII CLAIMS

12. More than thirty days prior to the institution of this lawsuit, Jeanne Daly ("Daly"), Jill McCarron ("McCarron"), Ada Rovatti ("Rovatti"), and Lauren Sevian ("Sevian") filed charges with the Commission alleging violations of Title VII by Defendants Revolution Studios and Smile Productions, LLC. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least December 2002, Defendants Revolution Studios and Smile Productions, LLC have engaged in unlawful employment practices in New York, NY, in violation of Section Sections (f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f) (1) and (3). Defendants have discriminated against female employees because of their sex by compensating them less than the male employees based on their work performed for the movie "Mona Lisa Smile."

14. The effect of the practice(s) complained of in paragraph thirteen (13) above has been to deprive Daly, McCarron, Rovatti, Sevian and a class of similarly situated females named on Exhibit A, attached hereto, of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

15. The unlawful employment practices complained of in paragraph thirteen (13) above were intentional.

16. The unlawful employment practices complained of in paragraph thirteen (13) above were done with malice or with reckless indifference to the federally protected rights of Daly, McCarron, Rovatti, Sevian and a class of similarly situated female instrumentalists named on Exhibit A, attached hereto.

STATEMENT OF EPA CLAIMS

17. Since at least December 2002, Defendants Revolution Studios and Smile Productions, LLC, have violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to its female instrumentalists, in New York, NY, at rates less than the rates paid to male employees in the same movie production for substantially equal work on jobs that require equal skill, effort, and responsibility, and which are performed under similar working conditions.

18. As a result of the acts complained of above, Defendants Revolution Studios and Smile Productions, LLC, unlawfully have withheld and are continuing to withhold the payment of wages due to Daly, McCarron, Rovatti, Sevian and a class of similarly situated females named on Exhibit A, attached hereto.

19. The unlawful practices complained of in paragraphs thirteen (13) through eighteen (18) above were willful.

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendants Revolution Studios and Smile Productions, LLC, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in pay discrimination and in any other employment practice which discriminates on the basis of sex.

B. Grant a permanent injunction enjoining the Defendants Revolution Studios and Smile Productions, LLC, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex,

by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

C.    Order Defendants Revolution Studios and Smile Productions, LLC, to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

D.    Order Defendants Revolution Studios and Smile Productions, LLC, to make whole Daly, McCarron, Rovatti, Sevian and a class of similarly situated females named on Exhibit A, attached hereto, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to providing equal terms, conditions, and privileges of employment, including equal pay for equal work.

E.    Order Defendants Revolution Studios and Smile Productions, LLC, to make whole Daly, McCarron, Rovatti, Sevian and a class of similarly situated females named on Exhibit A, attached hereto, by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph thirteen (13) above in amounts to be determined at trial.

F.    Order Defendants Revolution Studios and Smile Productions, LLC, to make whole Daly, McCarron, Rovatti, Sevian and a class of similarly situated females named on Exhibit A, attached hereto, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph thirteen (13) above, in amounts to be determined at trial.

G.      Order Defendants Revolution Studios and Smile Productions, LLC, to pay Daly, McCarron, Rovatti, Sevian and a class of similarly situated females named on Exhibit A, attached hereto, punitive damages for its malicious and/or reckless conduct described in paragraph thirteen (13) above, in an amount to be determined at trial.

H.      Grant a judgment requiring Defendants Revolution Studios and Smile Productions, LLC, to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages or prejudgment interest in lieu thereof, to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Daly, McCarron, Rovatti, Sevian and a class of similarly situated females named on Exhibit A, attached hereto.

I.      Grant such further relief as this Court deems necessary and proper in the public interest.

J.      Award the Commission its costs of this action.

The Commission requests a jury trial on all questions of fact raised by its complaint.

        Respectfully submitted,

        Eric Dreiband
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

        1801 "L" Street, N.W.
        Washington D.C.  20507

        _____
        Elizabeth Grossman EG 2478
        Acting Regional Attorney

        Lisa Sirkin
        Supervisory Trial Attorney

        _____/S_____
        Stella N. Yamada SY 7453
        Trial Attorney

        New York District Office
        33 Whitehall St., 5th Floor
        New York, N.Y.  10004-2112
        (212) 336-3689
        (212) 336-3623 (facsimile)

**SCHEDULE A**

1. Farrell, Karin
2. Krupa, Jennifer
3. Landeau, Sara
4. Lane, Saskia
5. Laws, Heather
6. Lemisch, Kachel
7. Lindborg, Andrea
8. McLeod, Shannon
9. Meyerratken, Lara
10. Pawl, Christina
11. Renaud, Nicole
12. Sanders, Jackie
13. Schoen, Cristie
14. Sinkler, Jill
15. Strassmayer, Karoline