UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV 6884

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTION STUDIOS AND SMILE PRODUCTIONS, LLC,<br><br>Defendants. | Civil Action No. ECF |



## CONSENT DECREE

This cause of action was initiated on or about August 2, 2005 by the Equal Employment Opportunity Commission ("EEOC") an agency of the United States Government. EEOC filed this action under the Equal Pay Act of 1963 ("EPA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jeanne Daly ("Daly"), Jill McCarron ("McCarron"), Ada Rovatti ("Rovatti"), Lauren Sevian ("Sevian") and other similarly-situated employees (collectively "claimants"), who were adversely affected by such practices. As alleged in EEOC's Complaint, claimants were subjected to unequal pay by Revolution Studios and Smile Productions, LLC (collectively referred to as "Defendants").

EEOC and Defendants, by this Consent Decree, agree that it is in their mutual interest to avoid the costs of litigation and to fully resolve this matter without further litigation and without an admission of liability by Defendants.

The parties do hereby stipulate and consent to the entry of this Consent Decree as final and binding between and among the parties signatory hereto and their successors or assigns.

NY1:1591249

This Consent Decree resolves all matters raised in EEOC Charge Nos. 160-A3-1253, 160-A3-1254, 16G-A3, 00350, 16G-2003-00434, 16G-2003-00436, 16G-A3-00428 and the EEOC Complaint.

The parties have agreed that this Consent Decree may be entered without Findings of Fact and Conclusions of Law having been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the parties and the subject matter of this action. The parties agree that venue is proper and that all administrative prerequisites have been met. This settlement does not preclude EEOC from processing other charges against any or all of the Defendants.

2. This Consent Decree is final and binding between the parties signatory hereto. The terms of this Decree represent the full and complete agreement of the parties.

3. No party shall contest the validity of this Decree nor the jurisdiction of the United States District Court to enforce this Decree and its terms or the right of any party to bring an enforcement suit upon breach of any of the terms of this Decree by the other party. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree. EEOC shall determine whether Defendants have complied with the terms of this Decree and shall be authorized to seek compliance with the Decree in the United States District Court.

4. This Consent Decree does not constitute and shall not be deemed to be an admission by any party about the merits, validity, or accuracy of any of the allegations, claims or defenses of any party. By entering into this Consent Decree, Defendants do not admit, but in fact deny, that they have violated the EPA, Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, et seq.), Title I of the Civil Rights Act of 1991, and any other fair employment practice law.

5.     Defendants agree that neither they nor their managers or officers have, nor will discriminate against claimants, or any individual who has participated in this matter, because of the individual's sex or engage in retaliation toward claimants, or any individual who has participated in this matter, for asserting his or her rights under the EPA or Title VII.  If EEOC believes that Defendants have breached paragraph five (5), EEOC will provide Defendants fourteen (14) days notice to investigate the claim before seeking enforcement unless, in unusual circumstances, providing such notice will result in harm to the public interest.

6.     Within one (1) year of entry of this Decree, Defendants will provide three (3) hours of anti-discrimination training for all supervisory and management personnel at Revolution Studios.  Ninety (90) days before training, Defendants will forward to EEOC a copy of the proposed trainer and training curriculum for EEOC's approval.

7.     Within fifteen (15) days after entry of the Consent Decree, Defendants shall conspicuously post and maintain for all employees of Revolution Studios (including all places where employee notices are posted), a Notice of Non-Discrimination, in the form and with the content specified in Exhibit A hereto.  Such notice shall remain posted for the duration of this Consent Decree.  Defendants shall also put a copy of the Notice in the production manual of all movie productions produced by Defendants within the duration of this Consent Decree.

8.     Defendant shall also display the EEOC poster, as required by federal law, outlining all applicable EEO-laws at all facilities of Revolution Studios.

9.     Defendants will put a copy of the non-discrimination policy attached hereto as Exhibit B in the production manual of all movie productions produced by Defendants within the duration of this Consent Decree.

10.    In settlement of this dispute, and within thirty (30) business days of the entry of this Decree, Defendants shall pay to Jeanne Daly, Karin Farrell, Jennifer Krupa, Sara Landeau, Saskia Lane, Heather Laws, Kachel Lemisch, Andrea Lindberg, Jill McCarron, Shannon Mcleod, Lara Meyerratken, Christina Pawl, Nicole Renaud, Ada Rovatti, Jackie Sanders, Cristie Schoen,

Lauren Sevian, Jill Sinkler and Karoline Strassmayer, $3,500.00 each ($1,500.00 for backpay, $2,000.00 for compensatory damages), for a total of $66,500.00. A copy of each check shall be forwarded to Stella N. Yamada, Esq., Equal Employment Opportunity Commission, 33 Whitehall Street, 5th Floor, New York, NY 10004, upon issuance of the check.

11. In connection with the check issued to each claimant, an IRS 1099 will be issued for compensatory damages and an IRS Form W-2 will be issued for backpay.

12. Each party shall bear its own attorney's fees and costs incurred in this action.

13. This Order constitutes the complete understanding between EEOC and Defendants. No other promises or agreements shall be binding unless agreed to in writing and signed by these parties. The action shall be dismissed with prejudice, subject to either party's right to enforce the terms of this Decree.

14. This Decree will remain in effect for two (2) years from the date of entry.

Dated: Aug 3, 2005

_____
United States District Judge

_____

APPROVED IN FORM AND CONTENT:

By Plaintiff, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

_____
Elizabeth Grossman
Acting Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112

_____
Stella N. Yamada
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
33 Whitehall Street, 5th Floor
New York, NY 10004
(212) 336-3689

By Defendants, REVOLUTION STUDIOS AND SMILE PRODUCTION, LLC

_____
Jeffrey I. Kohn
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
(212) 326-2067

## EXHIBIT A

## NOTICE TO EMPLOYEES OF REVOLUTION STUDIOS AND SMILE PRODUCTION, LLC

1. This NOTICE to all employees of REVOLUTION STUDIOS AND SMILE PRODUCTION, LLC ("together hereinafter "Revolution") is being posted as part of a Consent Decree among Revolution Studios, Smile Production, LLC and the U.S. Equal Employment Opportunity Commission ("EEOC").

2. Federal laws (the Equal Pay Act of 1963 ("EPA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981A) prohibit employers from discriminating against applicants and employees in the terms and conditions of their employment based on employees' race, color, religion, sex, and national origin.

3. Revolution agrees that neither it nor its managers or officers have, nor will discriminate against any individual because of the individual's sex or engage in retaliation toward any individual for asserting his or her rights under the EPA or Title VII. Revolution and its managers and officers further agree not to retaliate against any individual who has participated in this matter in some way, including giving testimony in this matter.

4. The Equal Employment Opportunity Commission maintains offices throughout the United States, including in New York, NY. Its New York District Office is located at:

    Equal Employment Opportunity Commission
    New York District Office
    33 Whitehall Street, 5th Floor
    New York, NY 10004
    Telephone: (800) 669-4000

5. This NOTICE will remain posted until August __, 2007.

    Signed this _____ day of August, 2005

                Revolution Studios
                Smile Production, LLC

                By:_____
                  Name:
                  **President/other title**

NY1:1591249

## POLICY AGAINST UNLAWFUL HARASSMENT

POLICY STATEMENT

The Company is committed to providing a work environment that is free of unlawful harassment. Company policy prohibits sexual harassment and harassment or discrimination based on race, gender, color, religion, sex, pregnancy, national origin, ancestry, age over 40, marital status, physical or mental disability, medical condition, sexual orientation, citizenship, status as veteran or special disabled veteran, or any other basis protected by applicable federal, state or local law or ordinance or regulation.  All such harassment is unlawful.  The Company prohibits harassment by any employee of the Company, including supervisors and co-workers, or by persons doing business with or for the Company.

PROHIBITED CONDUCT

Conduct which is prohibited at the Company, whether or not it rises to the level of unlawful harassment, includes:

- Verbal conduct such as epithets, derogatory jokes or comments, slurs, negative stereotyping or unwanted sexual advances, invitations or comments.
- Visual conduct such as posters, photography, cartoons, drawings on Company premises or circulated in the workplace that denigrate or show hostility or aversion towards an individual or group because of any characteristic identified above.
- Physical conduct such as intimidation, threats, assault, unwanted touching, blocking normal movement or interfering with work because of any characteristic identified above.
- Threats and demands to submit to sexual requests as a condition of continued employment, or to avoid some other loss, and offers of employment benefits in return for sexual favors.

RETALIATION FOR HAVING REPORTED, OR THREATENING TO REPORT, HARASSMENT

Whether or not the offending employee means to give offense or believed his or her comments or conduct were welcome is not determinative.  Rather, the Company's policy is violated when another employee, whether the recipient or a

mere observer, is in fact offended by comments or conduct which are based on the characteristics identified above.

It is a violation of this policy for males to sexually harass females or other males and for females to sexually harass males or other females. Sexual harassment on the job is prohibited whether committed by a co-worker, a supervisor or manager, or by persons doing business with or for the Company.

Additionally, Company policy prohibits retaliation against an employee who makes a good faith complaint under this policy or who honestly assists an investigation pursuant to this policy.

COMPLAINT PROCESS

Individuals who believe they have been harassed on the job are strongly encouraged to provide a written or verbal complaint to their own or any other supervisor, to Production Administration or to a Human Resources representative, as soon as possible. The complaint should include details of the incident(s), names of the individuals involved, and the names of any witnesses.

Supervisors and managers must immediately refer all harassment complaints to the Human Resources Department or to Production Administration.

All incidents of harassment that are reported will be investigated. The Company will promptly undertake an effective, thorough and objective investigation of the harassment allegations. If the Company determines that a violation of this policy has occurred, it will take appropriate action to deter any future harassment. Where appropriate, disciplinary action up to and including termination will also be taken.

The Company's policy and California law prohibit retaliation against an individual for using this complaint procedure or for filing, testifying, assisting, or participating in any manner in any investigation, proceeding or hearing conducted by the Company or a federal or state enforcement agency. Employees who believe they have been retaliated against in violation of this policy should report the facts to their supervisor, Production Administration, or a Human Resources representative.

All employees and individuals performing services for the Company are expected to comply with this policy and to cooperate with investigations into complaints of harassment.

ADDITIONAL ENFORCEMENT INFORMATION

In addition to the Company's internal complaint procedure, the California Department of Fair Employment and Housing (DFEH) investigates and prosecutes complaints of unlawful harassment in employment. Individuals who believe that they have been unlawfully harassed may file a complaint with the DFEH within one (1) year of the alleged harassment. The DFEH serves as a neutral fact finder and attempts to help the parties voluntarily resolve disputes. If the DFEH finds evidence of harassment and settlement efforts fail, the DFEH may file a formal accusation against the employer and harasser. The accusation may lead to either a public hearing before the Fair Employment and Housing Commission or a lawsuit filed on the complainant's behalf by the DFEH. If the Commission finds that harassment has occurred, it can order remedies including hiring or reinstatement, back pay, and changes in the practices of the involved employer. The address and telephone number of the local office of the DFEH is located in the telephone directory.

Employees of the Company who work outside of California should consult their local state agency charged with administering harassment complaints.

Last Updated: August 1, 2002

Acknowledgement of Receipt
Policy Against Unlawful Harassment

This is to acknowledge that I have received a copy of the Policy Against Unlawful Harassment. I have read, understand and agree to abide by this policy.

Employee Name (print): _____

Employee Signature: _____

Job Title and Department Name: _____

Location: _____

Date:_____


**Please return this signed Acknowledgement with your New Hire Paperwork.**

NY1:1594819.2